FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 SEP 25 P 2: 57

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOHN RUDDIN BROWN,

    Plaintiff,

vs.                                                                                  CIVIL ACTION NO.: CV603-071

LISA JOHNSON; Dr. PRESNELL;
Dr. JONES, and Physicians
Assistant GREEN,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, has filed a lawsuit pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement.[1] Defendants have filed a Motion for Summary Judgment and Plaintiff has filed a Response. For the following reasons, Defendants' Motion for Summary Judgment should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff contends that Defendants have failed to provide adequate treatment for his medical conditions and thus were deliberately indifferent to his serious medical needs. Plaintiff alleges that Defendants have interfered with, delayed, and denied him treatment and prescribed medications for various medical conditions, including HIV and hepatitis C.

---

[1] Plaintiff originally filed two separate causes of action in this Court, Case Numbers CV603-71 and CV604-82. Because he asserted the same claims in both complaints, the cases were consolidated into one action bearing Case Number CV603-71 by Order of the Court dated April 22, 2005. (Doc. No. 36).

AO 72A
(Rev. 8/82)

Defendants assert they have not been deliberately indifferent to any of Plaintiff's serious medical needs and that, in fact, the medical care given to Plaintiff has been completely adequate.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by

2

showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. The Supreme Court has held that a prison official's "deliberate indifference to [the] serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain" in violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105, 97 S. Ct. at 291). Rather, "[a] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). A mere difference in medical opinion between medical personnel and the inmate as to the diagnosis or course of treatment is insufficient to support an Eighth Amendment claim. Harris, 941 F.2d at 1505.

Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir.

3

2003). First, a plaintiff must show that he has an objectively serious medical need. Id. In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d at 1187. Next, the plaintiff must show that prison officials acted with deliberate indifference to that serious medical need. Farrow, 320 F.3d at 1243. The Eleventh Circuit has consistently required that under this subjective component, "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995).

Plaintiff alleges that he has HIV and hepatitis, conditions which meet the Eleventh Circuit's definition of "serious medical needs." See Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). Thus, the satisfaction of the objective component of Plaintiff's claim is not in dispute. The issue, rather, is whether Plaintiff has created a genuine issue of material fact as to whether Defendants were deliberately indifferent to those serious medical needs.

Plaintiff contends that he was seen by Dr. Walton at GSP on September 5, 2002 and was prescribed medication for HIV and hepatitis C. (Doc. No. 104, p. 6). Plaintiff further contends that on October 30, 2002, he was seen by Defendant Presnell, who discontinued the medication that Dr. Walton had prescribed, and that as a result, he has suffered from skin and scalp infections, stomach pains, vomiting, eye pain, and vision problems. (Id. at 6-7). Plaintiff also alleges that on March 10, 2004, Defendant Jones interfered with prescribed dermatological treatment by reducing his prescribed medication. (Id. at 7).

4

Plaintiff further alleges that he has accepted all treatment when it has been issued by medical personnel at GSP. (Id. at 4).

Defendants contend that neither Defendant Presnell nor any other doctor at GSP has ever denied Plaintiff any necessary medication. (Doc. No. 62, p. 8). Defendants further contend that it is Plaintiff who has actually refused medication and treatment when it has been issued to him by medical personnel. (Id. at 6). Defendants assert that Plaintiff is receiving all currently prescribed medication and is not being ignored or deprived in any way by doctors at GSP. (Id. at 7).

It is clear there is sufficient evidence to permit a jury to conclude that Defendants disregarded a substantial risk of serious harm to Plaintiff, thus precluding summary judgment at this juncture. There is a factual dispute as to whether Defendants interrupted or delayed Plaintiff's treatment, and whether the alleged interruption or delay was tolerable "depends on the nature of the medical need and the reason for delay." Farrow, 320 F.3d at 1247 (quoting Harris v. Coweta County, 21 F.3d 388, 393-94 (11th Cir. 1994)). While Plaintiff's condition may not necessarily have required constant and immediate treatment with prescription drugs, his claim survives summary judgment given his recognized need for treatment and the lack of any reasonable explanation for interruption of that treatment. See Farrow, 320 F.3d at 1247.

Defendants assert that Plaintiff alleges nothing more than "his disagreement over the medical treatment provided to him by Defendants and what he thinks is medically necessary." (Doc. No 61, p. 10). However, it is clear that deliberate indifference may be found where prison officials delay or deny access to care, intentionally interfere with treatment that has been prescribed, or take the easier and less efficacious route in treating

5

the inmate. <u>Estelle</u>, 429 U.S. at 104-05, 97 S. Ct. at 291-92; <u>Williams v. Vincent</u>, 508 F.2d 541 (2d Cir. 1974).  Thus, by alleging that Defendants interrupted the treatment prescribed by another doctor, Plaintiff has stated a cause of action, rather than only alleging a difference of opinion.[2]  The evidence which has been presented to this Court presents a sufficient disagreement to require submission of the evidence to a jury.

## CONCLUSION

Based on the foregoing, Defendant's Motion for Summary Judgment (Doc. No. 60) should be **DENIED**.

So **REPORTED and RECOMMENDED** this 25th day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] Indeed, as Defendants are surely aware, on Plaintiff's appeal of this Court's dismissal of his complaint, the Eleventh Circuit was explicit on this point: "The defendants erroneously characterize Brown's allegation of deliberate indifference as nothing more than 'mere[] disagree[ment] with the treatment prescribed.' Brown complains of complete withdrawal of treatment." <u>Brown v. Johnson</u>, 387 F.3d 1344, 1351 (11th Cir. 2004).

AO 72A
(Rev. 8/82)