**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2006 NOV -2 AM 9:31
CLERK _Rw_
SO. DIST. OF GA.

| | |
|---|---|
| JOHN RUDDIN BROWN, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO.: CV603-071 |
| LISA JOHNSON; Dr. PRESNELL; Dr. JONES, and Physicians Assistant GREEN, | : |
| Defendants. | : |

## ORDER

After an independent review of the record, the Court concurs with the Report and Recommendation of the Magistrate Judge, to which Defendants have filed Objections. In their Objections, Defendants contend that there is an absence of evidence to support Plaintiff's claims of deliberate indifference to serious medical needs. Defendants allege that Plaintiff's claims amount to nothing more than a disagreement over his course of treatment and that this does not rise to the level of a constitutional violation.

Contrary to Defendants' contentions, it is clear that what Plaintiff complains of is not a mere disagreement over medical treatment. Instead, Plaintiff alleges an interruption in medical treatment and an intentional interference with treatment that has been prescribed. Plaintiff does not assert that he disagrees with the course of treatment, but rather alleges that the treatment has simply not been administered as prescribed.

Furthermore, the Magistrate Judge properly concluded that there exist genuine issues of material fact in this case as indicated by the evidentiary submissions of both

AO 72A
(Rev. 8/82)

parties. Specifically, the evidence before this Court includes Plaintiff's March 08, 2005 testimony at a preliminary injunction hearing before the Magistrate Judge, as summarized in a Report and Recommendation issued by that court. (Doc. No. 32, pp.3-5). The record reflects that Plaintiff testified that he had not received certain medications for his HIV and hepatitis C since 2000. (Id. at 3). Plaintiff further testified that certain other prescribed medications were interrupted by staff at Georgia State Prison. (Id.). Plaintiff also asserted that despite having been referred to a stomach specialist, GSP officials have not allowed him to see a specialist and have gone so far as to remove the referral from his medical file. (Id. at 4). This testimony, as part of the evidence before this Court, amounts to more than mere allegations. Instead, Plaintiff creates a factual dispute as what the whole of the evidence will show. Thus, the issue of whether there is a danger to Plaintiff's health that violates contemporary standards of decency, and whether Defendants knew of and disregarded that danger, is a *question of fact* for a jury's consideration.

Defendants' objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of this Court. Defendants' Motion for Summary Judgment is **DENIED**.

SO ORDERED, this 2 day of Nov., 2006.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA