FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 FEB 15  P 2: 01

CLERK _____
S. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOHN RUDDIN BROWN,                    :
                                      :
          Plaintiff,                  :
                                      :
     vs.                              :        CIVIL ACTION NO.: CV603-071
                                      :
LISA JOHNSON; Dr. PRESNELL;           :
Dr. JONES, and Physicians             :
Assistant GREEN,                      :
                                      :
          Defendants.                 :


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison ("GSP") in

Reidsville, Georgia, filed a lawsuit pursuant to 42 U.S.C. § 1983 contesting certain

conditions of his confinement.[1]  Having been granted leave of the Court, Defendants have

filed a Second Motion for Summary Judgment asserting qualified immunity, and Plaintiff

has filed a Response.  For the following reasons, Defendants' Second Motion for Summary

Judgment should be **DENIED**.

---

[1] Plaintiff originally filed two separate causes of action in this Court, Case Numbers CV603-71 and CV604-82.
Because he asserted the same claims in both complaints, the cases were consolidated into one action bearing
Case Number CV603-71 by Order of the Court dated April 22, 2005.  (Doc. No. 36).

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

In his Complaint, Plaintiff contends that Defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff alleges that Defendants have interfered with, delayed, and denied him treatment and prescribed medications for various medical conditions, including HIV and hepatitis C. In their first Motion for Summary Judgment[2], Defendants alleged that Plaintiff had received adequate care and treatment for his medical conditions while at GSP, and that accordingly, Defendants were not deliberately indifferent to his serious medical needs. Defendants asserted that Plaintiff's needs have never been ignored by medical staff, and that he has received all prescribed medications. By Order dated November 2, 2006, the Court denied Defendants' first Motion for Summary Judgment, finding genuine issues of material fact as to whether Defendants exhibited deliberate indifference to Plaintiff's serious medical needs. In their Second Motion for Summary Judgment, Defendants assert that they are entitled to summary judgment based upon qualified immunity.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern

---

[2] Defendants discuss their first Motion for Summary Judgment by referencing "Doc. 220." The first motion is actually Document Number 60 of the Court's Docket.

Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

Qualified immunity protects government officials performing discretionary functions from suit in their individual capacities, so long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003) (quoting Hope v. Pelzer,

3

536 U.S. 730, 739, 122 S. Ct. 2508, 2515, 153 L. Ed. 2d 666 (2002)). The government

officials must first prove that they were acting within their discretionary authority. Gonzalez,

325 F.3d at 1234. "A government official acts within his or her discretionary authority if

objective circumstances compel the conclusion that challenged actions occurred in the

performance of the official's duties and within the scope of this authority." Hill v. DeKalb

Reg'l Youth Det. Ctr., 40 F. 3d 1176, 1185 n.17 (11th Cir. 1994). Once the government

official has shown that he was acting within his discretionary authority, the burden shifts to

the plaintiff to show that qualified immunity is not warranted. Gonzalez, 325 F.3d at 1234.

The Supreme Court has established a two-part test to determine the applicability of

qualified immunity. First, a court must determine whether plaintiff's allegations, taken as

true, establish a constitutional violation. Hope, 536 U.S. at 736, 122 S. Ct. at 2513. If,

under the plaintiff's version of the facts, the defendants would have violated a constitutional

right, the next step is to ask whether the right was one that was clearly established under

the law. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272

(2001); Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004). "The

relevant, dispositive inquiry in determining whether a right is clearly established is whether

it would be clear to a reasonable officer that his conduct was unlawful in the situation he

confronted." Saucier, 533 U.S. at 202, 121 S. Ct. at 2156.

Defendants first contend that their actions were taken pursuant to their discretionary

authority. Next, applying the two-prong qualified immunity test, Defendants contend that

Plaintiff does not allege a violation of a constitutional right, and that even if he does allege

such a violation, they did not have "fair warning" that their actions were unlawful. (Doc. No.

4

AO 72A
(Rev. 8/82)

120, pp. 6-13). Conversely, Plaintiff asserts that his facts do show a constitutional violation, and that it is, in fact, clearly established that the Eighth Amendment prohibited prison officials' deliberate indifference to an inmate's serious medical needs. (Doc. No. 132, p. 2 (citing Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

It is uncontroverted that Defendants, in taking the actions complained of, were acting within the scope of their discretionary authority. However, Defendants' remaining arguments regarding qualified immunity are without merit. First, Defendants urge that Plaintiff "fails to allege a violation of a constitutional right." To support this argument, Defendants discuss the many ways in which they believe that Plaintiff's deliberate indifference claim fails on its merits, offering evidence that they claim supports their position.

As the Eleventh Circuit has enunciated, "[w]hen conducting a qualified immunity analysis, district courts must take the facts in the light most favorable to the party asserting the injury. When a district court considers the record in this light, it eliminates all issues of fact. By approaching the record in this way, the court has the plaintiff's best case before it." Robinson v. Arrugueta, 415 F.3d 1252, 1257 (11th Cir. 2005) (citation omitted). Thus, the full extent of the Court's initial inquiry must be this: Taken in the light most favorable to Plaintiff, do the facts alleged show the Defendants' conduct violated a constitutional right? Saucier, 533 U.S. at 201. The Court must answer in the affirmative, as Plaintiff has indeed alleged facts which, taken in the light most favorable to him, would establish a violation of his Eighth Amendment rights. Plaintiff has presented summary judgment evidence supportive of these allegations, including his sworn affidavit that Defendants Johnson,

5

Green, and Presnell refused to treat his HIV and hepatitis C, and that Defendant Jones interrupted medication that was prescribed to him.  The evidence also includes Plaintiff's March 8, 2005 testimony at a preliminary injunction hearing before the undersigned.  The Report on this hearing reflects that Plaintiff testified that he had not received certain medications for his HIV and hepatitis C since 2000, and that GSP officials made no effort to provide him with treatment until they learned that "the Court was coming down on them." (Doc. No. 32, p. 3).  Plaintiff testified that other medications prescribed for his skin problems were interrupted by staff at GSP.  (Id.).  Plaintiff further testified that despite having been referred to a stomach specialist, GSP officials have not allowed him to see a specialist and have gone so far as to deliberately remove the referral from his medical file. (Id. at 4).

Although Defendants also produce evidence in their favor, such as their own affidavits, their testimony at the aforementioned hearing, and what appear to be excerpts[3] of Plaintiff's medical records from GSP, the Court must view the evidence in the light most

---

[3] Defendants submit certain portions of Plaintiff's medical records for the first time in this, their Second Motion for Summary Judgment.  Defendants contend that "Plaintiff's certified medical records totally contradict and disprove" his claim that prescriptions issued by Dr. Walton on September 5, 2002 were discontinued by Defendant Presnell on October 30, 2002.  Defendants assert that this is so because "Inmate Brown's medical records and prescriptions log reveal that Dr. Walton never prescribed inmate Brown medications for his HIV, Hepatitis C or any other ailment." (Doc. No. 120, p. 7).  It is true that the "General Medicine CIC Follow Up Form," dated September 5, 2002, does not reveal that Plaintiff was prescribed additional HIV or hepatitis C medications on that date.  However, Defendants also direct the Court to Plaintiff's "Prescription Transaction Report."  The "reporting period" identified by this document is "08/01/2002 To 10/31/2002."  Indeed, then, if Plaintiff was actually prescribed any medication by Dr. Walton on September 5, 2002, it would be reflected on this log.  The log submitted by Defendants reflects no prescriptions entered by Dr. Walton.  However, the document in question lists prescriptions filled only as early as September 25, 2002, and in fact is labeled as "Page 2."  Thus, it appears that what Defendants have submitted to this Court as being Plaintiff's "certified medical records" which "totally contradict and disprove [his] claim," are actually somewhat incomplete.  If Plaintiff was in fact prescribed medication by Dr. Walton on September 5, 2002, and if that medication was listed on Plaintiff's Prescription Transaction Report, it would be listed on "Page 1," the page which the Court can only assume lists any transactions occurring prior to September 25, 2002.  This seemingly incomplete record can hardly be the basis for the Court's finding, as a matter of law, that no genuine issue of material fact exists as to Plaintiff's claim.

6

favorable to Plaintiff, drawing all reasonable inferences in his favor. In doing so, it is clear that there are genuine issues of material fact on the issue of whether Defendants' alleged conduct violated a constitutional right.

Having determined that a jury could reasonably find the violation of a constitutional right, the Court now asks whether the law as it existed at the time of the incidents in question was sufficiently clear to give reasonable prison officials "fair notice" that denying and delaying access to medical care violated the Constitution. The question here is whether, at the time of the incidents in question, it was clearly established that prison officials could face liability under § 1983 predicated on their having interrupted prescribed medical treatment, or having denied or delayed medical treatment. The answer to this question is "yes." It has been clearly established since at least 1976 that the government has an obligation to provide medical care to the incarcerated. Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976). For the past thirty years, then, prison officials have been on notice that denying or delaying access to medical care and intentionally interfering with prescribed treatment violates the Eighth Amendment. Id. at 104-105, 97 S. Ct. at 291. See also Young v. City of Augusta, Ga., 59 F.3d 1160, 1169 n.17 (11th Cir.1995) ( "The Eighth Amendment prohibits state caretakers from intentionally delaying medical care or knowingly interfering with treatment once prescribed."). Indeed, in the context of qualified immunity analysis, the Eleventh Circuit has explicitly held that "deliberate indifference to serious medical needs is a violation of clearly established law." Kimbell ex. rel Liddell v. Clayton County, Ga., 170 Fed. Appx. 663 (11th Cir. 2006) (citing Behrens v. Pelletier, 516 U.S. 299, 313, 116 S. Ct. 834, 842, 133 L. Ed. 2d 773 (1996)). The violation of these standards is precisely what Plaintiff alleges.

7

AO 72A
(Rev. 8/82)

Accordingly, it would be inappropriate to grant summary judgment to Defendants based on qualified immunity principles. Viewing the evidence in a light most favorable to Plaintiff, the Court cannot find, as a matter of law, that the Defendants did not intend to wrongfully delay or deny Plaintiff needed access to medical care and, thus, cannot find that the Defendants are entitled to qualified immunity.[4]

---

[4] Defendants should note, however:

> Defendants who are not successful with their qualified immunity defense before trial can re-assert it at the end of the plaintiff's case in a Rule 50(a) motion. Fed.R.Civ.P. 50(a); Cottrell v. Caldwell, 85 F.3d 1480, 1488 (11th Cir.1996). That type of motion will sometimes be denied because the same evidence that led to the denial of the summary judgment motion usually will be included in the evidence presented during the plaintiff's case, although sometimes evidence that is considered at the summary judgment stage may turn out not to be admissible at trial. See generally Wright v. Southland Corp., 187 F.3d 1287, 1304 n.21 (11th Cir.1999); McMillian v. Johnson, 88 F.3d 1554 (11th Cir.1996). Where there is no change in the evidence, the same evidentiary dispute that got the plaintiff past a summary judgment motion asserting the qualified immunity defense will usually get that plaintiff past a Rule 50(a) motion asserting the defense, although the district court is free to change its mind. See Abel v. Dubberly, 210 F.3d 1334 (11th Cir.2000) (collecting cases).
>
> It is important to recognize, however, that a defendant is entitled to have any evidentiary disputes upon which the qualified immunity defense turns decided by the jury so that the court can apply the jury's factual determinations to the law and enter a post-trial decision on the defense. When the case goes to trial, the jury itself decides the issues of historical fact that are determinative of the qualified immunity defense, but the jury does not apply the law relating to qualified immunity to those historical facts it finds; that is the court's duty. Stone v. Peacock, 968 F.2d 1163, 1166 (11th Cir.1992) ("The law is now clear, however, that the defense of qualified immunity should be decided by the court, and should not be submitted for decision by the jury."); Ansley v. Heinrich, 925 F.2d 1339, 1348 (11th Cir.1991) ("[O]nce the defense of qualified immunity has been denied pretrial due to disputed issues of material facts, the jury should determine the factual issues without any mention of qualified immunity.").

Johnson v. Breeden, 280 F.3d 1308, 1317 -1318 (11th Cir. 2002).

8

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Second

Motion for Summary Judgment (Doc. No. 119) be **DENIED**.

So **REPORTED AND RECOMMENDED**, this ___15___ day of February, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

9