**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

JOHN RUDDIN BROWN,

      Plaintiff,

               603CV071

v.

LISA JOHNSON-WATERS; DR. RICHARD
W. PRESNELL; DR. TOMMY JONES,
and Physician's Assistant GREEN,

      Defendants.

**O R D E R**

42 U.S.C. § 1983 inmate/plaintiff John Ruddin Brown has repeatedly litigated with prison officials over the provision and quality of treatment for his various medical conditions, which include HIV and hepatitis C. In that regard, he has not been shy about moving for a preliminary injunction. *See* doc. # 27 (Brown's preliminary injunction motion); 3/8/05 docket entry (motion hearing held); # 37 (Order granting Brown's motion); ## 41, 46 (Brown's second preliminary injunction motion); # 57 (Order denying that); # 75 (Brown's third preliminary injunction motion); # 92 (Order denying same); # 83 (Brown's fourth preliminary injunction motion); # 85 (Order denying same); # 108 (Brown's fifth preliminary injunction motion); # 109 (Order denying same); # 135 (motion for an Order holding the defendant prison officials in this case in contempt); # 139 (Order denying same).

Nor has Brown hesitated to exercise his appellate remedies, doc. # 14 (Notice of Appeal); *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004) (holding that Brown should have been given a chance to amend his Complaint to allege § 1915(g)'s "imminent danger" exception); # 86 (Notice of Appeal from this Court's Order denying one of Brown's preliminary-injunction motions); # 124

(affirming same).

Meanwhile, defendants have sought to end Brown's case outright through two Motions for Summary Judgment (MSJ). *See* doc. # 60 (MSJ); # 118 (MSJ denied); # 119 (defendants' second MSJ); # 136 (Magistrate Judge's (MJ's) Report and Recommendation (R&R).

Before the Court is the MJ's latest R&R, doc. # 136, advising this Court to deny defendants' second MSJ. Not only have no F.R.Civ.P. 72(b)/ S.D.GA.LOC.R. 72.3 Objections have been filed, but the R&R is thorough, notes the factual issue requiring a jury's resolution, and correctly advises this Court to take to trial the issue whether the defendants were deliberately indifferent in providing Brown medical care for an unquestionably serious medical condition. *See* doc. # 136 at 5-7.

Accordingly, the Court ***ADOPTS*** the R&R (doc. # 136) and ***DENIES*** the defendants' MSJ, doc. # 119. The Deputy Clerk shall place this case on the next available trial calendar.

Within 30 days of the date this Order is served, defense counsel shall file a Unilateral Pretrial Order (plaintiff may file one too, if he wishes) and amend the caption to reflect the full, proper name of defendant "Physician's Assistant Green" (the Court requires the *full* name of all litigants appearing before it).[1]

---

[1] It has become the practice of defense counsel in prisoner cases to literally represent, and even file an Answer and follow-up pleadings on behalf of, defendants

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 APR 16 AM 9: 59

CLERK
SO. DIST. OF GA.

Within that same 30-day time frame, Brown shall file a list of his exhibits and witnesses. If he seeks this Court's assistance in obtaining inmate witnesses, he may move the Court for a writ of habeas corpus ad testificandum issued pursuant to 28 U.S.C. § 2241(c)(5), though he is subject to the limitations set forth in *Palmer v. Simmons*, 604CV075 doc. # 154 (S.D.Ga. Order entered 4/9/07) (Court shall trim witness lists to ensure against wasteful duplication).[2]

This /6 day of April, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

known to the inmate only as "Nurse Smith" or "Dr. Jones," for example. Yet, counsel surely is in a position to ask *his own client* what his or her *full* name is. Meanwhile, the Court obviously cannot enter judgment in favor or against someone without their *full* name (there are a lot of "Dr. Smiths" out there).

The Court thus directs attorneys and MJ's in these cases to promptly ascertain those *full* names and place them on the caption *at the start* of these cases; the Clerk shall then amend the docket's opening screen accordingly. In this case the caption has long referenced defendant Presnell only as "Dr. Presnell." The Court hunted through the docket and found his full name, *see* doc. # 61 at 112 (Presnell Aff.), and thus has amended the above caption accordingly. The Court also notes that defendant "Lisa Johnson" is now "Lisa Johnson-Waters," doc. # 122 at 1, so it has also amended the caption accordingly. Getting such basic facts before the Court ensures the accuracy of any jury interrogatories and, ultimately, final judgments.

[2] The Clerk shall send a copy of the *Palmer* opinion to the parties in this case.